J-S23006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER STONE | : | |
| | : | |
| Appellant | : | No. 1962 EDA 2021 |

Appeal from the PCRA Order Entered September 8, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008129-2017,
CP-51-CR-0008130-2017, CP-51-CR-0008767-2017,
CP-51-CR-0008768-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER STONE | : | |
| | : | |
| Appellant | : | No. 1963 EDA 2021 |

Appeal from the PCRA Order Entered September 8, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008129-2017,
CP-51-CR-0008130-2017, CP-51-CR-0008767-2017,
CP-51-CR-0008768-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER STONE | : | |
| | : | |
| Appellant | : | No. 1964 EDA 2021 |

Appeal from the PCRA Order Entered September 8, 2021

In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008129-2017,
CP-51-CR-0008130-2017, CP-51-CR-0008767-2017,
CP-51-CR-0008768-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER STONE | : | |
| | : | |
| Appellant | : | No. 1965 EDA 2021 |

Appeal from the PCRA Order Entered September 8, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008129-2017,
CP-51-CR-0008130-2017, CP-51-CR-0008767-2017,
CP-51-CR-0008768-2017

BEFORE: PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.: **FILED OCTOBER 12, 2023**

Christopher Stone appeals from the order dismissing his timely petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Stone claims his guilty plea was unlawfully induced. After careful review, we affirm.

On August 1, 2017, Stone shot two people in Philadelphia. The shooting was witnessed by James and Jasmine Smith. Almost three weeks later, Stone returned to the location of the shooting, encountered James and Jasmine Smith, pointed a gun at them and made a comment about them knowing him. James Smith then called the police and Stone was apprehended. On September 3, 2019, Stone plead guilty to two counts of attempted murder,

two counts of possession of an instrument of crime, two counts of witness intimidation and persons not to possess firearms. Pursuant to negotiations with the Commonwealth, Stone was sentenced to nine and a half to nineteen years' incarceration followed by two years' probation.

Stone did not file a direct appeal to this Court, instead filing this timely PCRA petition on August 20, 2020. Counsel was appointed and filed an amended petition.

In these filings, Stone claimed that his guilty plea was not entered knowingly, voluntarily, and intelligently due to plea counsel's ineffectiveness. The PCRA court entered an order dismissing Stone's petition without a hearing on September 8, 2021. This timely appeal followed.[1]

All four of Stone's claims of PCRA court error are based on his contention that plea counsel was ineffective. When we review an order dismissing a PCRA petition we determine whether the decision is supported by the record and free of legal error. *See Commonwealth v. Jarosz,* 152 A.3d 344, 350 (Pa. Super. 2016). Counsel is presumed effective and the person claiming ineffectiveness must prove otherwise. *See Commonwealth v. Koehler*, 36 A.3d 121, 178 (Pa. 2012). To succeed on a claim of ineffective assistance of

_____

[1] Stone filed four separate notices of appeal to this Court for each of his trial court dockets. Each of Stone's notices of appeal contained all four lower court docket numbers, implicating *Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018). However, because they were properly filed separately and subsequently consolidated *sua sponte* by this Court, Stone did not violate the dictates of *Walker*. *See Commonwealth v. Johnson*, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*).

counsel, a petitioner must plead and prove three things: "(1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." *Commonwealth v. Stultz*, 114 A.3d 865, 880 (Pa. Super. 2015) (citation omitted). If the petitioner fails to meet any one of these prongs, their claim fails. *See id*.

Furthermore, a PCRA court may dismiss a petition without a hearing if the claims in the petition are "patently frivolous." *Commonwealth v. Grayson*, 212 A.3d 1047, 1054 (Pa. Super. 2019) (citation omitted). The decision to hold an evidentiary hearing lies within the discretion of the PCRA court and we will not reverse such a decision absent an abuse of discretion. *See Commonwealth v. Maddrey*, 205 A.3d 323, 327 (Pa. Super. 2019).

In his first issue on appeal, Stone argues that counsel was ineffective for failing to file a motion to suppress the testimony of Commonwealth witness Jasmine Smith. *See* Appellant's Brief, at 14. He contends the PCRA court erred in dismissing this claim without a hearing.

Initially, we note that Stone does not cite to any authority by which, under these facts, plea counsel could have suppressed Smith's testimony. In fact, Stone does not meaningfully develop the suppression argument beyond mere assertion. He has therefore waived any such claim. *See Commonwealth v. Armolt*, 294 A.3d 364, 376-77 (Pa. 2023).

Alternatively, Stone claims that counsel was ineffective because he failed to file a motion for Smith to be appointed counsel to consult with her

regarding her Fifth Amendment right to silence. **See** Appellant's Brief at 14. Stone asserts that Smith, an eyewitness to the shooting and one of the victims of witness intimidation, had a separate pending criminal case at the time she would have been called to testify against him. **See id**. Stone argues that independent counsel would have advised Jasmine Smith not to testify due to her prior record and open case. **See id**. Further, he argues that Jasmine Smith would have been eliminated as a witness against him, a factor which may have changed his decision to plead guilty. **See id**. at 15.

Stone's argument on this claim is underdeveloped to the point of almost being undeveloped. However, he does assert that it "is almost inconceivable" that Jasmine Smith would have testified at Stone's trial if she had the advice of independent counsel regarding her Fifth Amendment rights. **See** Appellant's Brief, at 14. The Fifth Amendment's prohibition on self-incrimination prevents a court from compelling a witness to "disclose[] a fact that would form a necessary and essential part of a crime[.]" **Commonwealth v. Taylor**, 230 A.3d 1050, 1063 (Pa. 2020).

Stone failed to identify any fact that Smith would have testified to that would have exposed her to criminal liability. Even on appeal, he fails to identify any such fact. As a result, he has failed to establish the PCRA court erred in dismissing this claim without a hearing.

In his second issue on appeal, Stone claims that plea counsel was ineffective for failing to inform him that two of the police officers involved in the case had been placed on the District Attorney's Office's "do not call" list

and that Jasmine Smith was hoping to receive a plea deal in exchange for her testimony. *See* Appellant's Brief at 15. Stone argues that plea counsel withheld the information, relayed to him in an email from the Commonwealth, and therefore unlawfully induced Stone's guilty plea. *See id*. at 16. The email from the Commonwealth specified that the prosecutor assigned to Stone's case had no communication with Jasmine Smith regarding a plea deal and explained the procedure for Stone to call the officers to testify. *See id*. at Exhibit C. Stone makes no attempt to argue the three prongs of ineffectiveness, simply calling for an evidentiary hearing to resolve the factual discrepancy of whether counsel informed him of these facts. *See id*. at 16.

Stone did not raise this issue in his PCRA petition. In fact, this issue was first broached in an attachment to the Commonwealth's motion to dismiss Stone's petition. In his response to that motion, Stone did not raise any issue with the "do not call" list officers. Since Stone has raised this issue for the first time on appeal, he has waived it. *See Commonwealth v. Reid*, 99 A.3d 470, 494 (Pa. 2014).

However, even if the claim were not waived, it would be meritless. To establish counsel's ineffectiveness prejudiced Stone, he must show that if counsel had not committed the alleged errors, there is a reasonable probability that he would not have pleaded guilty. *See Commonwealth v. Pier*, 182 A.3d 476, 479 (Pa. Super. 2018). Stone has failed to show how he was prejudiced by counsel allegedly not informing him of Jasmine Smith's criminal record and the police officers' status. Even assuming that this information

- 6 -

would have allowed Stone to irretrievably damage Smith's proposed testimony, there was another available eyewitness. Further, Stone alleged no facts capable of establishing that the "do not call" list officers had significant involvement in this case.

Without developing an argument, Stone states that the Commonwealth withheld ***Brady***[2] material by failing to disclose Jasmine Smith's criminal record and that certain police officers were on the "do not call" list. ***See*** Appellant's Brief at 13. In order to successfully claim a ***Brady*** violation, the accused must show that the evidence in question is either exculpatory or impeaching, it was suppressed by the Commonwealth, and he was prejudiced by the suppression. ***See Commonwealth v. Natividad,*** 200 A.3d 11, 26 (Pa. 2019). Here, once again, Stone failed to plead any facts capable of establishing that these officers were significantly involved in this case, or that the Commonwealth failed to disclose any relevant information about Jasmine Smith's pending case. Stone's second issue merits no relief.

Stone's third issue on appeal is that he did not freely, voluntarily, and intelligently enter into his guilty plea under all the circumstances. ***See*** Appellant's Brief at 17. Stone repeats his claims regarding Jasmine Smith's prior criminal record and the police officers involved in his case and claims that counsel's concern for the potential sentence he faced in this case as well as the trial court's reputation for imposing severe sentences, led to his

---

[2] ***See Brady v. Maryland***, 373 U.S. 83 (1963).

unlawful inducement to plead guilty. *See id*. at 17-8. As noted above, Stone failed to plead sufficient facts to create a *prima facie* case that counsel was ineffective. The same is true for the other circumstances he highlights under this argument. Beyond mere boilerplate assertion, he pleaded no facts to establish either that counsel was irrationally concerned with the possible sentence, or that the sentencing judge was known for imposing severe sentences. Accordingly, we can find no error or abuse of discretion in the PCRA court's dismissal of this claim without a hearing.

In Stone's final issue on appeal, he claims that the trial court accused counsel of witness intimidation, allegedly unlawfully inducing his guilty plea. *See* Appellant's Brief at 18. Stone refers to an interaction that occurred between counsel and the trial court at a trial readiness conference on August 21, 2019. *See* N.T. 8/21/19 at 23-24. At the conference, the trial court addressed alleged communication between Stone's mother and one of the victims. *See id*. at 20-22. This led to counsel informing the trial court that the victim was reaching out to Stone's mother and counsel intended to determine why the two were communicating. *See id*. at 23-24. The trial court advised counsel not to put himself in a position where he would become a witness in the case, as this might pose ethical issues under the Rules of Professional Conduct. *See id*. Stone asserts that this advice amounted to both the trial court accusing counsel of intimidating or tampering with the witness and intimidating counsel to convince Stone to plead guilty. *See* Appellant's Brief at 18.

The record reflects no such accusation or threat. The trial court raised a reasonable concern about possible witness intimidation. ***See*** N.T. 8/21/19 at 20. When trial counsel indicated that he believed the victim had reached out to Stone's mother, ***see id***. at 23, the trial court merely cautioned trial counsel not to involve himself as a potential witness in this case, ***see id***. at 24. Trial counsel's response indicated that he understood the trial court's concern, and that he would have another person conduct the investigation to avoid any ethical issues. ***See id***. Under these circumstances, there is no merit to Stone's claim that the trial court threatened or intimidated trial counsel in any way. Stone's final issue on appeal merits no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/12/2023